**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GARY W. MILES,

    Plaintiff,

vs.                                        No. CIV 00-0235 JC/DJS

SANDOVAL COUNTY BOARD OF COMMISSIONERS,
William Sapien, Edmund Joseph Lang, R.W. Johnson,
Patricia Thomas and Mary Humphrey, SANDOVAL COUNTY
CLERK, Sally Padilla, SANDOVAL COUNTY ELECTIONS
BUREAU DIRECTOR, Eddie Gutierrez, BUREAU OF
ELECTIONS STAFF MEMBER, Steve Fresquez,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of State Defendant Steve Fresquez's Motion to Dismiss, filed March 7, 2000 *(Doc. 12)*. The court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

THIS MATTER ALSO came on for consideration of County Defendants' (Sandoval County Board of Commissioners William Sapien, Edmund Joseph Lang, R W. Johnson, Patricia Thomas and Mary Humphrey, Sandoval County Clerk Sally Padilla and Sandoval County Elections Bureau Director Eddie Gutierrez) Motion to Dismiss, filed March 14, 2000 *(Doc. 25)*. The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is well taken and will be granted.

**I.**     **Background**

In October of 1999, the Sandoval County Board of Commissioners passed resolution number 10-21-99.6 to modify voting precincts in the Placitas area. As a result of the changes, *pro se*

Plaintiff Gary W. Miles (Plaintiff) was reassigned to House District #43 from House District #65. Because of his reassignment, Plaintiff is unable to run for the New Mexico House of Representatives for District #65 in November 2000, for which he had announced his candidacy in September 1999.

Plaintiff alleges that Defendants conspired to violate the Election Code, thereby depriving him of the ability to run in District #65. Plaintiff further alleges that the resolution is illegal because it violates his constitutional rights to due process, equal protection and free speech. Plaintiff seeks compensatory damages and a declaratory judgment that the resolution is illegal.

Presently, Defendant Steve Fresquez, a State Elections Board Employee, moves the court to dismiss the claims against him for failure to state a claim under FED. R. CIV. P. 12(b)(6) and on the basis of Eleventh Amendment immunity. *See* State Defendant Steve Fresquez's Motion to Dismiss, filed March 7, 2000 *(Doc. 12)*. Likewise, the County Defendants move the Court to dismiss the claims against them for failure to state a claim under FED. R. CIV. P. 12(b)(6). *See* County Defendants' Motion to Dismiss, filed March 14, 2000 *(Doc.25)*.

**II.    Analysis**

    **A.    Standard**

In considering a motion to dismiss under Rule 12(b)(6), the pleadings must be liberally construed, all factual allegations in the complaint must be accepted as true, and all reasonable inferences drawn in the plaintiff's favor. *See Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir 1999) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)). However, pleadings filed *pro se* are held "to less stringent standards than formal pleadings drafted

by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Reynoldson v. Shillinger*, 907 F.2d 124, 125-26 (10th Cir.1990). Nevertheless, a *pro se* complaint may be dismissed pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

### B. Eleventh Amendment Immunity

Defendant Fresquez contends that he is immune from suit under the Eleventh Amendment. *See* Def. Steve Fresquez's Mot. to Dismiss at 2 *(Doc. 12)*. The Eleventh Amendment bars suits against a state in federal court "commenced by citizens of that state or citizens of another state." *Elephant Butte Irrigation Dist. Of N.M. v. Department of the Interior*, 160 F.3d 602, 607 (10th Cir. 1998). Generally, a suit against a state official acting in his official capacity is regarded as a suit against the state. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Here, Defendant Fresquez is named solely in his official capacity and for acts undertaken in his position with the state Bureau of Elections. *See* Compl. at 3, filed Feb. 16, 2000 *(Doc. 1)*.

Indeed, there are exceptions to the scope of Eleventh Amendment immunity. States may consent to suit in federal court, and, in certain cases, the United States Congress may explicitly abrogate state immunity in a particular area. *See ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998). However, construing Plaintiff's claim as a civil rights action brought under 42 U.S.C. § 1983,[1] the court notes that Congress has not abrogated the states' Eleventh Amendment immunity from such a suit, and New Mexico has not consented to be sued in federal court on such a matter. *See Archuleta v. Lacuesta*, 131 F.3d 1359, 1361 (10th Cir. 1997). Therefore, Eleventh

---

[1] Section 1983 creates a cause of action against any person who, acting under color of state law, abridges rights created by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983. Though Plaintiff does not cite § 1983 in his Complaint, Plaintiff does cite two statutes which provide for federal jurisdiction over § 1983-- 28 U.S.C.§ 1331 (general federal question jurisdiction) and § 1343 (jurisdiction for violations of equal rights laws). *See* Compl. at 2.

Amendment immunity attaches to Plaintiff's claims against Defendant Fresquez for monetary relief, retrospective declaratory relief and injunctive relief. *See Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Accordingly, the Court grants State Defendant Fresquez's Motion to Dismiss on the grounds of Eleventh Amendment immunity.

### C. Constitutional Claims

Unlike state agencies, political subdivisions of the state are not immune from suit in federal court under the Eleventh Amendment. Therefore, the remaining defendants, as agents of Sandoval County, have no claim for immunity from suit. Instead, the County Defendants challenge the merits of Plaintiff's constitutional claims.[2]

Plaintiff contends that he was deprived of his First Amendment right of freedom of speech in that he was denied the right to run for office in the district in which he had previously resided and announced his candidacy. *See* Compl. at 6 *(Doc. 1)*. Plaintiff also alleges that he was denied his Fifth and Fourteenth Amendment rights to due process and equal protection by County Defendants' actions in redistricting Plaintiff's property in October 1999. *See id.* Construing Plaintiff's claim under 42 U.S.C. § 1983, Plaintiff must show two essential elements: (1) that Defendants acted under color of state law, and (2) that Defendants deprived Plaintiff of a right secured by the Constitution and laws of the United States. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49 (1999). As Plaintiff is suing Defendants for actions taken during the course of their duties in various governmental positions, the only real question is whether Plaintiff has suffered deprivation of a constitutionally protected right.

---

[2] Though the Court finds Defendant Fresquez immune from suit in federal court, the analysis that follows would apply equally to the merits of Plaintiff's claims against him.

The United States Supreme Court and the Tenth Circuit have both stated that candidacy is not a "fundamental right." *See Bullock v. Carter*, 405 U.S. 134, 142-43 (1972) (stating that the Court "has not heretofore attached such fundamental status to candidacy as to invoke a rigorous standard of review"); *American Constitutional Law Found., Inc. v. Meyer*, 120 F. 3d 1092, 1101 (10th Cir. 1997) (while candidacy is not a fundamental right, voting is). Thus, the inquiry is whether the challenged restriction "unfairly or unnecessarily burdens the availability of political opportunity." *Clements v. Fashing*, 457 U.S. 957, 963 (1982) (internal quotations omitted).

In this case, Plaintiff is being deprived not of the right to run for office, but merely of the right to run for office in a district in which he does not reside. However, restrictions, such as district assignments, are not unconstitutional so long as they are generally applicable and even-handed. *See Anderson v. Celebrezze*, 460 U.S. 780, 788 n.9 (1983).

Accordingly, Plaintiff first argues that the "situation . . . was both unreasonable and discriminatory in that it was part of a conspiracy to violate the election code solely for the benefit of the State and County with no concern whatsoever for the rights of the people affected." Pl.'s Resp. to County Defs.' Mot. to Dismiss at 2, filed Mar. 13, 2000 *(Doc. 23)*. However, Plaintiff cites no facts which would support an argument that the redistricting was motivated by or the result of discrimination against any suspect class of candidates or voters, and conceding that the redistricting was warranted. *See* Pl.'s Resp. to County Defs.' Mot. to Dismiss at 3, filed Mar. 13, 2000 *(Doc. 23)*. Second, Plaintiff argues that the timing of the redistricting violated his constitutional rights. However, Plaintiff is unable to point to any constitutionally protected right which was infringed upon by the delay in redistricting as Plaintiff anticipates running for office in the district to which he is now assigned and has ample time in which to do so. Finally, Plaintiff's claim of the "right not to be

deliberately misled as to your actual legislative district" is legally insufficient to support a claim under § 1983.

Therefore, I find that Plaintiff has failed to state a claim under 42 U.S.C. § 1983, because he has alleged no deprivation of any right secured by the laws of the United States. Accordingly, the County Defendants' Motion to Dismiss will be granted as to Plaintiff's claims for deprivation of constitutional rights.

Plaintiff also alleges that Defendants violated NMSA 1978, § 1-20-15, "Conspiracy to violate the New Mexico Election Code," to his detriment. *See* Compl. at 6. Specifically, Plaintiff alleges that Defendants' "conspiracy to violate the election code" deprived him of his constitutional rights. *See* Pl.'s Resp. to County Defs.' Mot. to Dismiss at 1, filed Mar 13, 2000 *(Doc. 23)*.

The Court recognizes that 42 U.S.C. § 1985 provides for a civil action against those who conspire to deprive others of their civil rights. 42 U.S.C. § 1985(1) is directed toward conspiracies to prevent individuals from accepting and holding public office, 42 U.S.C. § 1985(2) makes it unlawful to conspire to interfere with a party or witness in a federal judicial proceeding or to impede in any manner "the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws," and 42 U.S.C. § 1985(3) makes it unlawful to conspire to deprive any persons of "the equal protection of the laws or equal privileges and immunities under the laws . . . ." *Id.* For the sake of thoroughness, I will address Plaintiff's claims under § 1985 before addressing Plaintiff's state law claims for violations under the New Mexico Election Code.

In this case, Plaintiff's status as a potential county official is not protected within the meaning of § 1985(1) which pertains to conspiracies to interfere with duties of *federal* officers and *federal* office holders. *See Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir.1998), *Baron v. Carson*, 410 F. Supp. 299 (D. Ill.1976). Also, Plaintiff does not allege any facts that fall under

-6-

§ 1985(2).  Therefore, in this case, only § 1985(3) is applicable.  In order to prove the existence of a civil rights conspiracy under § 1985(3), Plaintiff must prove:  (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States."  42 U.S.C. § 1985(3).  *See also Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

The Tenth Circuit has consistently held that plaintiffs are to be held to heightened pleading requirements in civil rights cases involving allegations of conspiracy.  *See, e.g.*, *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989) ("Conclusory allegations of conspiracy are insufficient to state a valid Section 1983 claim"), *Sooner Prods. Co. v. McBride*, 708 F. 2d 510, 512 (10th Cir. 1983).  Though a plaintiff may establish a conspiracy by either direct or circumstantial evidence of an agreement among the defendants, such allegations are completely lacking here.  While Plaintiff mentions a specific time frame in which the redistricting occurred, he does not allege specific dates, conversations, contacts or other details which tend to show any agreement or concerted action among the Defendants.  *See Pitts v. Turner & Boisseau, Chartered, et al.*, 850 F.2d 650, 653 (10th Cir. 1988) (affirming dismissal of § 1985 claim for failure to plead facts supporting allegations of conspiracy).  Therefore, I find that Plaintiff has failed to allege specific facts showing agreement and concerted action among the Defendants.

In addition, § 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others.  The Supreme Court has consistently required a showing of a class-based animus in order to establish an action pursuant to § 1985.  *See Brown v. Reardon*, 770 F.2d 896, 906

(10th Cir. 1985). Thus, in order to support a claim under the statute, plaintiff must be a member of a statutorily protected class, and actions taken by defendants must stem from plaintiff's membership in that class. *See Silkwood v. Kerr-McGee Corp.*, 637 F. 2d 743, 746-47 (10th Cir. 1980). Plaintiff has failed to allege any class-based discrimination or demonstrate any deprivation of his equal protection rights.

For all of these reasons, I conclude that Plaintiff has failed to state a claim under 42 U.S.C. § 1985(3). Therefore, the Court will grant Defendants' motion as to Plaintiff's claims of conspiracy to violate Plaintiff's constitutional rights.

**D.      State Law Claims**

Plaintiff's Complaint alleges violations of the New Mexico Election Code, NMSA 1978 § 1. As discussed above, to the extent that Plaintiff claims that Defendants' actions violated his constitutional rights, they are dismissed. Because the court has dismissed the constitutional claims which are the basis for federal court jurisdiction, the court declines to exercise supplemental jurisdiction over any state claims alleged by Plaintiff. *See* 28 U.S.C. § 1367(a)(3). Therefore, all remaining state law claims are dismissed for lack of jurisdiction.

Wherefore,

IT IS ORDERED that State Defendant Steve Fresquez's Motion to Dismiss, filed March 7, 2000 *(Doc. 12)*, is **granted**.

IT IS FURTHER ORDERED that County Defendants' Motion to Dismiss, filed March 14, 2000 *(Doc. 25)*, is **granted.**

IT IS FURTHER ORDERED that Plaintiff's constitutional claims are hereby dismissed with prejudice.

-9-

IT IS FINALLY ORDERED that Plaintiff's state law claims are hereby dismissed without prejudice.

DATED this 21st day of August, 2000.

                                                                       _____
**CHIEF UNITED STATES DISTRICT JUDGE**

Plaintiff *Pro Se*:

    Gary W. Miles
    Placitas, New Mexico

Counsel for Defendants:

    Bennett S. Cohn
    David K. Thomson
    Assistant Attorneys General
    Office of New Mexico Attorney General
    Santa Fe, New Mexico

    Randy S. Bartell
    Laura A. Ward
    Virtue Najjar Bartell Matthews & Brown, P.C.
    Santa Fe, New Mexico